UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TED J. MATHERNE, SR., ET AL. | CIVIL ACTION |
| VERSUS | 22-2656 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | SECTION: "J"(2) |

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 4)** filed by Defendant, Louisiana Insurance Guaranty Association ("LIGA"), as the alleged statutory obligor for policies issued by Lamorak Insurance Company to Eagle, Inc., McCarty Corporation, and Avondale executive officers. Plaintiffs oppose this motion (Rec. Doc. 30), and LIGA has filed a reply (Rec. Doc. 40). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Roseanna Matherne was diagnosed with mesothelioma on or around December 1, 2021 and died on March 10, 2022 as a result of the disease. Her survivors subsequently filed suit against numerous Defendants alleging that she contracted mesothelioma caused by her exposure to asbestos from the clothes of her husband who worked at Avondale Shipyards ("Avondale"). LIGA was sued as the alleged statutory obligor for policies issued by Lamorak Insurance Company ("Lamorak"), for

the alleged liability of Eagle, Inc., McCarty Corporation, and Avondale's executive officers. LIGA first received notice of this claim on July 19, 2022.

On March 11, 2021, the Commonwealth Court of Pennsylvania issued an Order declaring Bedivere Insurance Company ("Bedivere") to be insolvent, and an accompanying Order of Liquidation. The Order of Liquidation of Bedivere specifically includes Lamorak (formerly OneBeacon America Insurance Company). The Order of Liquidation appointed the Pennsylvania Insurance Commissioner as the Statutory Liquidator of Bedivere and directed her to "take possession of Bedivere's property, business and affairs . . . and to administer them pursuant to the orders of this Court." The Liquidator was vested by the court with exclusive jurisdiction to determine, among other matters, "the validity and amounts of claims against Bedivere."

Pursuant to the Court's Order, the Liquidator mailed a Notice to policyholders, creditors, Insurance Commissioners, and the National Conference of Insurance Guaranty Funds, and published the claims filing procedure in the newspaper of general circulation where Bedivere had its principal place of business, and in a magazine recognized as a source of news and information for insurance professionals. The Notice provided, in boldface type in the center of the first page, "If you have and want to pursue a claim against BEDIVERE, you must file a proof of claim in order to have your claim considered. Proofs of claim must be filed no later than December 31, 2021."

Plaintiffs filed suit on July 6, 2022 in the Civil District Court, Parish of Orleans, and Avondale removed the suit to this Court. Subsequently, LIGA filed the instant motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its

own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

LIGA is a statutory body created by Louisiana Revised Statute § 22:2051, *et seq*. Its purpose is set forth in § 22:2052, which states that:

> The purpose of this Part is to provide for the payment of *covered claims* under certain insurance policies with a minimum delay and a minimum financial loss to claimants or policyholders due to the insolvency of an insurer, to provide financial assistance to member insurers under rehabilitation or liquidation, and to provide an association to assess the cost of such operations among insurers.

(emphasis added). As a statutorily created entity, LIGA is liable for only those obligations provided by the Louisiana Insurance Guaranty Association Law ("LIGA Law"). La. R.S. 22:2051, *et. seq.* Under LIGA Law, when an insurer is determined to be insolvent, LIGA is deemed to be the insurer to the extent of its obligation on pre-insolvency covered claims and has all the rights, duties, and obligations of the

insolvent insurer as if that insurer had not become insolvent. La. Stat. Ann. §§ 22:2058(A)(1)(a), (A)(2). In addition, LIGA is obligated to the extent of covered claims arising after the determination of the insurer's insolvency but arising prior to the expiration of thirty days after the date of such determination of insolvency. *Id* § 22:2058(A)(1)(a)(i). A covered claim is any unpaid claim by or against the insured which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which LIGA Law applies. *Id.* § 22:2055(6). However,

> Notwithstanding any other provision of this Part, a "covered claim" shall not include a claim filed with the association after the earlier of five years after the date of the order of liquidation of the insolvent insurer or the final date set by the domiciliary court for the filing of claims against the liquidator or receiver of an insolvent insurer.

*Id.* § 22:2058(A)(1)(c)(i).

Here, LIGA argues that Plaintiffs' claims against LIGA arising from the insolvency of Bedivere/Lamorak should be dismissed with prejudice because they do not constitute timely filed "covered claims." (Rec. Doc. 5-3, at 5). LIGA contends that anyone that wanted to pursue a claim against Bedivere had to file a proof of claim in order to have their claims considered, and proof of claims were required to be filed by December 31, 2021, the date set by the Statutory Liquidator of Bedivere. *Id.* Because Plaintiffs did not file suit until July 6, 2022, LIGA asserts that Plaintiffs' claims are time barred. *Id.*

LIGA cites *Thompson v. Citizens National Insurance Company*, 729 So. 2d 709 (La. App. 1 Cir. 02/19/199) in support of this argument. In *Thompson*, the Louisiana First Circuit affirmed summary judgment in favor of the Texas Property & Casualty

Insurance Guarantee Association ("TIGA"), the Texas equivalent of LIGA. The plaintiff was injured in a vehicle accident on August 17, 1987, but the insurer she sued had been placed in liquidation in 1986, with an ultimate claim bar date of August 8, 1987. *Id.* at 711-12. The court held that plaintiff's vehicle accident did not constitute a covered claim since it was not filed before the claim bar date, and therefore, she could not recover from TIGA. *Id.*

LIGA also cites *Brazan v. Lamorak Insurance Company, et al.* 2018-C-0609, at *2-3 (La. App. 4th Cir. 07/23/18). In *Brazan*, the plaintiff filed suit against LIGA in 2017 alleging that he was exposed to asbestos in the course of his employment. *Id.* at 1. However, the date to file covered claims against the insolvent insurer had passed in 2004. *Id.* at 2. The Louisiana Fourth Circuit Court of Appeal reversed the trial court's judgment denying LIGA's peremptory exception of prescription, holding that §22:2058(A)(1)(c)(i) was clear and unambiguous and must be applied as written. *Id.* Therefore, it is well settled that claims arising after the claim bar date are not covered claims for which LIGA is obligated to pay.

In opposition, Plaintiffs argue that applying Louisiana Revised Statute § 22:2058(A)(1)(c)(i) to Plaintiffs' claim against LIGA would be unconstitutional. (Rec. Doc. 40, at 1). Plaintiffs assert that their survival action against Lamorak vested at the time Mrs. Matherne was exposed to asbestos between 1965 and 1983 and that their wrongful death claim vested upon her death, March 10, 2022. Therefore, Plaintiffs argue that their claim against LIGA existed far before the claim bar date, they just were not aware of the existence of that claim until after Mrs. Matherne's

diagnosis. Plaintiffs argue that even though she was diagnosed with mesothelioma on or around December 1, 2021 before the claim bar date, applying La. R.S. § 2058(A)(1)(c)(i) would effectively extinguish their right of action against LIGA before they had a reasonable time to assert that right because they could not sue for her wrongful death until after she actually died. *Id.* at 3.

Plaintiffs, citing the Louisiana Supreme Court case *Cole v. Celotex*, 599 So. 2d 1058, 1071 (La. 1992), argue that their right of action against Lamorak vested at the time of the delict and is therefore a vested property right that cannot be constitutionally divested. (Rec. Doc. 40, at 5). Plaintiffs also assert that § 22:2058(A)(1)(c)(i) cannot be "applied to retroactively abolish plaintiff's vested rights." (Rec. Doc. 40, at 9). Plaintiffs argue that § 22:2058(A)(1)(c)(i) was enacted in 1999 while Mrs. Matherne's exposure to asbestos occurred years before that. (Rec. Doc. 40, at 10). They therefore assert that it would be unconstitutional to apply the LIGA law retroactively to their preexisting claims against Lamorak. *Id.* However, the Louisiana Supreme Court has held that a plaintiff's claim against LIGA vests at the time the insurer becomes insolvent rather than at the time the covered event occurred. *Prejean v. Dixie Lloyds Ins. Co.*, 660 So. 2d 836, 837 (La. 1995). Therefore, even though Plaintiffs' survival action against Lamorak vested at the time of Mrs. Matherne's exposure to asbestos, their claims against LIGA did not vest until Lamorak was declared insolvent, and upon Lamorak's insolvency, all provisions of the LIGA law became applicable to Plaintiffs' claims against it, including the claim bar date. Furthermore, Plaintiffs' wrongful death claims did not arise until Mrs.

Matherne died on March 10, 2022. Therefore, these claims arising after the claim bar date also cannot constitute covered claims.

LIGA, as a statutorily created entity, is only liable for those claims provided by the LIGA law. This law makes it clear and unambiguous that LIGA is only responsible for covered claims as defined in §22:2058(A)(1)(c)(i). Because Plaintiffs' claims against LIGA were not filed until after the claim bar date and are therefore not covered claims, LIGA cannot be responsible for them.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that LIGA's Motion for Summary Judgment **(Rec. Doc. 5)** is **GRANTED**.

New Orleans, Louisiana, this xth day of October, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE