UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TED J. MATHERNE, SR., ET AL. | CIVIL ACTION |
| VERSUS | 22-2656 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | SECTION: "J"(2) |

## ORDER & REASONS

Before the Court is a *Motion for Entry of Rule 54(b) Final Judgment Regarding Summary Judgment in Favor of LIGA* **(Rec. Doc. 67)** filed by Defendant, Louisiana Insurance Guaranty Association ("LIGA"). Plaintiffs oppose this motion (Rec. Doc. 69), and LIGA has filed a reply (Rec. Doc. 72). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Roseanna Matherne was diagnosed with mesothelioma on or around December 1, 2021 and died on March 10, 2022 as a result of the disease. Her survivors subsequently filed suit against numerous Defendants alleging that she contracted mesothelioma caused by her exposure to asbestos from the clothes of her husband who worked at Avondale Shipyards ("Avondale"). LIGA was sued as the alleged statutory obligor for policies issued by Lamorak Insurance Company ("Lamorak"), for the alleged liability of Eagle, Inc., McCarty Corporation, and Avondale's executive officers. LIGA first received notice of this claim on July 19, 2022.

On March 11, 2021, the Commonwealth Court of Pennsylvania issued an Order declaring Bedivere Insurance Company ("Bedivere") to be insolvent, and an accompanying Order of Liquidation. The Order of Liquidation of Bedivere specifically includes Lamorak (formerly OneBeacon America Insurance Company). The Order of Liquidation appointed the Pennsylvania Insurance Commissioner as the Statutory Liquidator of Bedivere and directed her to "take possession of Bedivere's property, business and affairs . . . and to administer them pursuant to the orders of this Court." The Liquidator was vested by the court with exclusive jurisdiction to determine, among other matters, "the validity and amounts of claims against Bedivere."

Pursuant to the Court's Order, the Liquidator mailed a Notice to policyholders, creditors, Insurance Commissioners, and the National Conference of Insurance Guaranty Funds, and published the claims filing procedure in the newspaper of general circulation where Bedivere had its principal place of business, and in a magazine recognized as a source of news and information for insurance professionals. The Notice provided, in boldface type in the center of the first page, "If you have and want to pursue a claim against BEDIVERE, you must file a proof of claim in order to have your claim considered. Proofs of claim must be filed no later than December 31, 2021."

Plaintiffs filed suit on July 6, 2022 in the Civil District Court, Parish of Orleans, and Avondale removed the suit to this Court. Subsequently, LIGA filed a Motion for Summary Judgment arguing that the claims against it were time barred

2

which this Court granted. (Rec. Doc. 57). LIGA then filed the instant Motion for Entry of Rule 54(b) Final Judgment. (Rec. Doc. 67).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54. Rule 54(b) balances two policies: avoiding "piecemeal appeals" and the "danger of hardship or injustice through delay." *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Thus, the court should consider "whether the claims under review were separable from others remaining to be adjudicated and whether the nature of the claims to be determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)). A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel. *PYCA Indus. Inc.*, 91 F.3d at 1421.

## DISCUSSION

There are two prerequisites to certification of a Rule 54(b) judgment. First, the Court must have entirely dealt with one or more claims or parties, and second,

there must be no just reason for delay. As to the first requirement, the Court has entirely disposed of all claims against LIGA by granting summary judgment in its favor. (Rec. Doc. 57). However, as to the second requirement, the Court must now address whether there would be some hardship or injustice which necessitates immediate appeal.

Courts should only grant certification of Rule 54(b) final judgments rarely, when an immediate appeal is necessary and there is no reason for delay. They are not meant to be routine. *PYCA Indus. Inc.*, 91 F.3d at 1421. LIGA argues that its motion should be granted because this Court held in LIGA's favor on summary judgment due to a unique prescription defense available only to LIGA as a statutorily created body. (Rec. Doc. 57). Therefore, there is no risk that a later appeal in this case will raise the same issue. Furthermore, LIGA argues that this issue is currently pending in multiple cases, and as LIGA points out, due to the nature of asbestos cases, this is an issue which may continue to arise in future cases. LIGA points to *Hulin v. Huntington Ingalls, Inc.* 2020 WL 7727204 at *2 (E.D. La. Dec. 29, 2020) in which Judge Vance granted a motion for Rule 54(b) judgment when there were more than twenty cases pending with the same issue. However, unlike in *Hulin*, the issue raised by LIGA on summary judgment has only come up in three cases in this Court, two of which are in this section. Therefore, this issue is not so prevalent that LIGA will be prejudiced by having to wait until the entire case is complete. Furthermore, as Plaintiffs point out, LIGA is the statutory obligor for policies issued by Lamorak Insurance to Eagle, Inc., McCarty

Corporation, and Avondale's executive officers. Therefore, although the exact defense raised by LIGA on summary judgment has been decided, it is still possible that resolution of the claims against one or multiple of these companies may cause any appeal regarding LIGA to become moot. (Rec. Doc. 69, at 5). Although not identical, Plaintiffs' claims against LIGA are still intertwined with other issues remaining in this case.

      LIGA asks for certification merely so that it does not have to wait until the end of litigation and monitor the docket to see if an appeal is eventually taken at the close of these proceedings. If this was reason enough to grant certification, then practically every case involving a dismissed party would be considered a final, appealable judgment. *See Walker v. Progressive County Mut. Ins. Co.*, 304 F.R.D. 486, 949 (E.D. La. Feb. 5, 2015). *See also Fucich Contracting, Inc. v. Shread-Kuyrkendall and Associates, Inc., et al.*, 2020 WL 2924051 (E.D. La. June 3, 2020). Rule 54(b) judgments are meant to be the exception, not the rule, and the Court can find no danger of hardship of the type required to outweigh the policy preferences against such partial final judgments.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that LIGA's *Motion for Entry of Rule 54(b) Final Judgment Regarding Summary Judgment in Favor of LIGA* **(Rec. Doc. 67)** is **DENIED**.

New Orleans, Louisiana, this 2nd day of March, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE