UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TED J. MATHERNE, SR., ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-2656 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | * | SECTION "J" (2) |

## ORDER AND REASONS

Before me on an expedited basis is a Motion to Compel Huntington Ingalls Incorporated's Rule 30(b)(6) deposition filed by Plaintiffs Ted J. Matherne Sr., Ted J. Matherne Jr., Giselle Matherne Ordoyne and Vanessa Matherne Richardson. ECF Nos. 199, 203. Huntington timely filed an Opposition Memorandum. ECF No. 232. Plaintiffs sought leave and filed a Reply Memorandum. ECF Nos. 234, 253. No party requested oral argument, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' motion to compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.   BACKGROUND

Plaintiffs Ted J. Matherne Sr., Ted J. Matherne Jr., Giselle Matherne Ordoyne and Vanessa Matherne Richardson filed suit in Civil District Court on July 6, 2022, alleging that their spouse/mother Roseanna Matherne died as a result of mesothelioma contracted through exposure to asbestos brought home by Plaintiff Ted Matherne Sr.'s exposure to same while employed at Avondale from 1965-1983. ECF No. 1-2 ¶¶ 4, 10-13.

Defendant Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc.) removed the case on August 12, 2022. ECF No. 1. On March 23, 2023, the Court

1

issued a Scheduling Order setting a February 26, 2024 trial date and a January 2, 2024, discovery deadline.  ECF No. 85 at 1-2.

On December 19, 2023, two weeks before the discovery deadline, Plaintiffs filed a motion to compel Huntington's Rule 30(b)(6) deposition due to certain opinions expressed by its expert Dr. Andrew Ghio in his December 4, 2023 report.  ECF No. 199-1 at 3.  Specifically, Plaintiff contends, that, because Dr. Ghio has opined that paraoccupational exposure to asbestos does not increase the risk for peritoneal mesothelioma, it must now obtain the identity and number of cases (a) involving mesothelioma claimants who alleged exposure from work at Avondale, living with a family member who worked at Avondale, or from environmental exposure at Avondale, and (2) involving claimants with pleural mesothelioma, peritoneal mesothelioma, or some other type of mesothelioma.  *Id*. at 3.

Huntington opposes the request (and alternatively seeks a protective order though it has failed to file a motion for protective order) on the basis that the information sought is not relevant to the issue of medical causation, seeks expert opinions and thus is not the proper subject of a corporate deposition, is not known or reasonably knowable insofar as same entails 35 years of asbestos litigation in which it has been deposed over 65 times, the topics are overly broad and seek information that is disproportionate to the needs of the case, and Avondale does not maintain information responsive to the areas of inquiry in a manner that would enable Huntington to prepare a representative to respond.  ECF No. 232 at 1, 3-4, 7, 10.  Huntington notes that Plaintiff's counsel recently deposed Dr. Ghio in another case regarding his medical causation opinion without the information now sought, and the identity and number of prior cases is entirely irrelevant to Dr. Ghio's opinions which are based on medical records, imaging, and scientific publications.  *Id*. at

4, 8.  It argues that, under the "*Johnnie Johnson* rule," a Rule 30(b)(6) deposition is not proper unless the topic was not covered in any prior deposition.  *Id*. at 5-6.

In Reply, Plaintiffs argue that the notice is narrowly tailored to address issues not previously addressed in the 65 prior depositions and the information is relevant because Dr. Ghio does not address (or may not be aware) of the number of individuals who worked at Avondale or their family members who have developed mesothelioma, including peritoneal mesothelioma. ECF No. 253 at 2-3.  Plaintiffs also argue that a list of cases has been produced by Avondale or its insurer in prior cases.  *Id*. at 4-6.

## II.     APPLICABLE LAW AND ANALYSIS

### A.   The Scope of Discovery

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  FED. R. CIV. P. 26(b)(1).  Rule 26(b)(2)(C)(i)–(iii) directs the Court to limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[1]  This broader scope is necessary given the nature of

---

[1] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).

litigation, where determinations of relevance for discovery purposes are made well in advance of trial.  Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[2]  At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[3]  Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[4]  If relevance is in doubt, the court should be permissive in allowing discovery.[5]

### B.  Rule 30(b)(6)

The Fifth Circuit has explained that the purpose of Rule 30(b)(6) is to streamline the discovery process by allowing for a specialized form of deposition.[6]  This rule gives the corporation being deposed "more control by allowing it to designate and prepare a witness to testify on [its] behalf."[7]  Further, it alleviates the opposing party from "having to play a frustrating game of blind man's bluff in naming the appropriate corporate officer to be deposed or from being bandied from pillar to post by deposition witnesses who disclaim personal knowledge on topics with which others in the corporation are familiar."[8]

The party seeking to depose an organization "must describe with reasonable particularity the matters for examination."[9]  In response, the entity must designate an agent or other person to

---

[2] *Id.* n.5 (citation and quotation omitted).

[3] *Id.* (citations omitted).

[4] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *3 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).

[5] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'r, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).

[6] *Johnson v. Big Lots Stores, Inc.*, No. 04-3201, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008) (citing *Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993)).

[7] *Id.* (citing *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996)).

[8] *Id.* (citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432–33 (5th Cir. 2006)).

[9] FED. R. CIV. P. 30(b)(6).

testify on its behalf "about information known or reasonably available to the organization."[10]  As

the Fifth Circuit has explained:

> [A corporate defendant] must make a conscientious good-faith endeavor to
> designate the persons having knowledge of the matters sought by [the party noticing
> the deposition] and to prepare those persons in order that they can answer fully,
> completely, unevasively, the questions posed . . . as to the relevant subject matters.
> [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters
> personally known to that designee or to matters in which that designee was
> personally involved.  The deponent must prepare the designee to the extent matters
> are reasonably available, whether from documents, past employees, or other
> sources.[11]

If the organization objects to any matter set forth in the deposition notice, it bears the burden of

demonstrating that the notice is objectionable or insufficient and may file a motion for a protective

order pursuant to Rule 26(c) in order to make that showing.[12]

In light of the burden placed on the corporate deponent by Rule 30(b)(6), the Rule

preliminarily imposes a duty to identify with reasonable particularity the specific categories or

topics for inquiry.[13]  This enables the corporate entity to fulfill its obligations to choose and prepare

a deponent:  "For Rule 30(b)(6) to effectively function, the requesting party must take care to

designate, with painstaking specificity, the particular subject areas that are intended to be

questioned, and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6)

notice may subject the noticed party to an impossible task. If the noticed organization cannot

identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."[14]

The effectiveness of Rule 30(b)(6) "bears heavily upon the parties' reciprocal obligations"

---

[10] *Id.*

[11] *Brazos River Auth.,* 469 F.3d at 433 (quotations and citations omitted).

[12] *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE,* No. 18-14, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018) (citations omitted).

[13] *Id.* (citing FED. R. CIV. P. 30(b)(6)).

[14] *Pauls v. Prudential Ins. Co. of Am.,* No. 16-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.,* No. 05-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)); *see also Marti v. Schreiber/Cohen, LLC,* No. 18-40164, 2020 WL 3412748, at *3 (D. Mass. Mar. 17, 2020) (identifying topics as "all communications" does not meet the reasonable particularity requirement because it seeks testimony regarding unidentified and broadly classified communications).

to identify topics with particularity and prepare witnesses in good faith.[15]  When the notice sufficiently informs the entity of the matters that will be inquired into at the depositions so that it can determine the identity and number of persons whose presence will be necessary to provide an adequate response, the particularity requirement has been met.[16]  Courts have not, however, hesitated to issue protective orders when an entity is asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices,[17] rejecting the assertion that the rule authorizes "burdening the responding party with production and preparation of a witness on every facet of the litigation."[18]

### C.  **Analysis**

While the relevance of the identity and number of other claims against Avondale is questionable, there is no doubt that, given the lateness of the motion, the discovery deadline, and the time and burden that would be entailed in reviewing litigation records of over 35 years, there is insufficient time to adequately research and prepare a deponent to answer the questions on these topics for a Rule 30(b)(6) deposition.  Moreover, there are less burdensome methods to obtain the

---

[15] *Lipari v. U.S. Bancorp, N.A*., No. 17-2146, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008) (citation omitted); *see also Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, No. 11-048, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013) (citation omitted) (noting that "it is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything."); *Dealer Comput. Servs., Inc. v. Curry*, No. 12-3457, 2013 WL 499520, at *2 (S.D.N.Y. Feb. 7, 2013) ("A [30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information.").

[16] *Rivas v. Greyhound Lines, Inc*., No. 14-166, 2015 WL 13710122, at *3 (W.D. Tex. Nov. 19, 2015) (quoting *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Res. Auth*., 93 F.R.D. 62, 66 (D.P.R. 1981)) (finding that notices were sufficient to inform defendant "of the matters which will be inquired into at the depositions so that [defendant] can determine the identity and number of persons whose presence will be necessary to provide an adequate response to any of [plaintiff's] potential questions.")).

[17] *Lipari*, 2008 WL 4642618, at *6; *see also In re Indep. Serv. Orgs. Antitrust Litig*., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order where plaintiff's attempt to discover facts underlying defendant's defenses and counterclaims through a Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information."); *RM Dean Farms v. Helena Chem. Co*., No. 11-00105, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012) (granting protective order where "[t]he 30(b)(6) notice would require [defendant] to produce a corporate representative or corporate representatives to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible.").

[18] *Apple, Inc. v. Samsung Elecs. Co., Ltd*., No. 11-1846, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (noting that an entity's task to prepare its witness in compliance with Rule 30(b)(6) "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand."); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task."); *Acton v. Target Corp*., No. 08-1149, 2009 WL 5214419, at *4 (W.D. Wash. Dec. 22, 2009) (finding it impossible to properly prepare one or more deponents to testify on 96 noticed topics without undue burden and expense.).

information sought.  Specifically, to the extent Huntington has previously compiled lists of cases against it, the burden and expense of re-producing those lists is significantly less onerous than would be researching and preparing a Rule 30(b)(6) deponent at this late date.

Accordingly,  for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion to Compel is GRANTED IN PART AND DENIED IN PART as stated herein.  Huntington need not present a witness for the Rule 30(b)(6) deposition, thus obviating the need to research and prepare a representative to testify as to the identity and number of cases over the last 35 years.  Within 14 days, however, Huntington must provide to Plaintiffs a copy of its litigation listing similar to that set forth in ECF No. 253-1.

New Orleans, Louisiana, this ___2nd___ day of January, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE