UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TED J. MATHERNE, SR., ET AL. | CIVIL ACTION |
| VERSUS | 22-2656 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | SECTION: "J"(2) |

**ORDER & REASONS**

Before the Court is a *Motion for Partial Summary Judgment Regarding the Avondale Interests' Government Contractor Defense* filed by Plaintiffs Ted J. Matherne, Sr., Ted J. Matherne, Jr., Giselle Matherne Ordoyne, and Vanessa Matherne Richardson against Defendants Huntington Ingalls Incorporated ("Avondale"), Certain Underwriters at Lloyd's, London, and Sparta Insurance Company ("the Avondale Interests"); **(Rec. Doc. 226).** Avondale filed an opposition (Rec. Doc. 255), and Plaintiffs have replied (Rec. Doc. 290). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion for partial summary judgment **(Rec. Doc. 226)** should be **GRANTED.**

**FACTS AND PROCEDURAL BACKGROUND**

Roseanna Matherne was diagnosed with mesothelioma on or around December 1, 2021 and died on March 10, 2022 as a result of the disease. Mrs. Matherne's husband worked at Avondale Shipyard from 1965 to 1983. During his employment, Mr. Matherne worked on U.S. Coast Guard Cutters and Lykes, States, LASH, and LNG vessels, all of which were built with asbestos-containing materials for the

United States government. Mrs. Matherne was allegedly exposed to asbestos from her husband's work clothes which she laundered in their family home. Plaintiffs allege that this exposure led to Mrs. Matherne's mesothelioma diagnosis and her subsequent death. Plaintiffs filed this suit against numerous Defendants in Orleans Parish, and the case was later removed to this Court on August 12, 2022.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving

party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Plaintiffs in this matter seek summary judgment to prevent Avondale and the alleged insurers of its executive officers from utilizing the government contractor defense to "immunize Avondale's failure to warn of the health hazards of asbestos and its failure to implement safety measures that would have prevented the uncontrolled spread of asbestos dust" that caused Roseanna Matherne's exposure. (Rec. Doc. 226, at 1).

The government contractor defenses arise out of the United States Supreme Court decisions in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) and *Yearsley v. W.A. Ross Const. Co.*, 309 U.S. 18 (1940). The *Boyle* government

contractor defense provides immunity from state law tort claims for certain government contractors for product design defects when "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle*, 487 U.S. at 512. Based on the "discretionary function" exception to the Federal Tort Claims Act, the *Boyle* defense protects against the financial burden of liability judgments against government contractors, which would be passed through to the United States government. *See Bailey v. McDonnell Douglas Corp.*, 989 F.2d 794, 798 (5th Cir. 1993) (quoting *Boyle*, 487 U.S. at 511). The *Boyle* Court explained that the first two elements "assure that the design feature in question was considered by a government officer, and not merely by the contractor," and that the third element encourages manufacturers to disclose their knowledge of risks. *Boyle*, 487 U.S. at 512.

The *Yearsley* defense shields government contractors whose work was (1) authorized and directed by the Government of the United States and (2) performed pursuant to an Act of Congress. *Taylor Energy Co., L.L.C. v. Luttrell*, 3 F.4th 172, 175 (5th Cir. 2021) (internal citations and quotation marks omitted). The rationale behind the *Yearsley* defense is that there is "no ground for holding [the government's] agent liable who is simply acting under the authority thus validly conferred;" *Yearsley v. W.A. Ross Const. Co.*, 309 U.S. 18, 21 (1940); however, an agent of the government can be liable for his conduct if he exceeds his authority or if the authority was not validly conferred; *id.* at 22.

4

Plaintiffs argue that their motion is basically identical to other motions on this subject which this Court and others within the Eastern District of Louisiana have granted. (Rec. Doc. 226, at 3) *See Falgout v. Anco Insulations, Inc.*, No. 21-1443, 2022 WL 7540115 (E.D. La. Oct. 13, 2022); *Adams v. Eagle, Inc.*, No. 21-694, 2022 WL 4016749 (E.D. La. Sept. 2, 2022); *Broussard v. Huntington Ingalls, Inc.*, No. 20-836, 2021 WL 5448795 (E.D. La. Nov. 22, 2021); *Crossland v. Huntington Ingalls, Inc.*, 635 F.Supp. 3d. 491 (E.D. La. Oct. 19, 2022). Defendants assert that this case is different because "unlike the claims asserted by the plaintiffs in the *Adams, Falgout,* and *Crossland* cases, . . . Plaintiffs' claims against Avondale arising out of the use, handling, and disposal of asbestos clearly seek to impose liability on the part of the contractor for executing the government's will." (Rec. Doc. 255, at 2) (internal quotation omitted). In other words, Defendants argue that in the instant matter Plaintiffs make claims of general negligence and strict liability in addition to claims for failure to warn and failure to enact safety measures. However, in their reply, Plaintiffs assert that they have not moved for summary judgment on the government contractor defense as to the Avondale Interests' claims for strict liability or general negligence. Rather, Plaintiffs state that they are only entitled to summary judgment for the failure to warn and failure to enact safety measures claims on which this Court and others have repeatedly ruled. Beyond addressing claims for which Plaintiffs have not sought summary judgment, the Avondale Interests' opposition does not present any compelling new reasons to deny summary judgment which were not already addressed and dismissed in this Court's order in *Falgout*. 2022 WL 540115.

## **CONCLUSION**

Accordingly, for the reasons stated in *Falgout v. Anco Insulations, Inc.*, 2022 WL 7540115 (E.D. La. Oct. 13, 2022),

**IT IS HEREBY ORDERED** that the motion for partial summary judgment **(Rec. Doc. 226)** is **GRANTED**. The Avondale Interests may not use the government contractor defense only for those claims listed in Plaintiffs' motion**.**

New Orleans, Louisiana this 19th day of January, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE