UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TED J. MATHERNE, SR., ET AL. | CIVIL ACTION |
| VERSUS | 22-2656 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | SECTION: "J"(2) |

## ORDER & REASONS

Before the Court is a *Motion for Partial Summary Judgment on La. C.C. Article 1821-1823 Claims* **(Rec. Doc. 206)** filed by Defendant Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc. f/k/a Northrop Grumman Ship Systems, Inc. f/k/a Avondale Industries, Inc. f/k/a Avondale Shipyards, Inc. and f/k/a Avondale Marine Ways, Inc. ("Avondale"). Plaintiffs oppose this motion (Rec. Doc. 256), and Avondale has filed a reply (Rec. Doc. 299). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

The Court has recounted the facts of this case in numerous previous orders and provides the following summary. Roseanna Matherne was diagnosed with mesothelioma on or around December 1, 2021 and died on March 10, 2022 as a result of the disease. Her survivors subsequently filed suit against numerous Defendants including Avondale, alleging that she contracted mesothelioma from her exposure to asbestos on the clothes of her husband who worked at Avondale Shipyard.

In their Petition, Plaintiffs assert a number of claims against Avondale. Relevant here, Plaintiffs allege that Avondale is liable for its executive officers' personal tort liability pursuant to certain agreements ("buy-back agreements") that it entered with its now-insolvent insurers (American Motorists Insurance Company and Highlands Insurance Company) to terminate the contracts or policies of insurance. Both Highlands Insurance Company ("Highlands") and American Motorists Insurance Company ("American Motorists") are now insolvent or bankrupt and no longer subject to suit.

However, Plaintiffs assert that Avondale assumed its insurers' responsibilities under the policies pursuant to buy-back agreements. Plaintiffs claim that Avondale assumed the role of an "additional insurer" of itself under the agreements, alleging that Avondale assumed the obligations of the insurers with regard to third persons such as Matherne, within the meaning of Louisiana Civil Code articles 1821-1823. In the instant motion, Avondale seeks summary dismissal of these buy-back claims.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."

*Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

As it relates to Plaintiffs' claims here, the Louisiana Civil Code provides that an obligor (here, Highlands and American Motorists), and a third person (here, Avondale) may agree that the third person can assume an obligation of the obligor. La. Civ. Code art. 1821. "A person who, by agreement with the obligor, assumes the obligation of the latter is bound only to the extent of his assumption. The assuming obligor may raise any defense based on the contract by which the assumption was made." La. Civ. Code art. 1822.

Plaintiffs claim that the buy-back agreements contained in Avondale's settlement and release agreements with Highlands and American Motorists constitute Avondale's assumption of those insurers' obligations. The buy-back agreement between Avondale and Highlands states, "In exchange for the mutual covenants, promises and consideration which are described throughout this Agreement, the Settling Parties hereby agree to compromise, release and settle all claims arising out of or incident to the Policies and to undertake the acts and obligations set forth in this section." (Rec. Doc. 206-17, at 2). In exchange for a lump-sum payment, Avondale "expressly release[d], acquit[ted] and forever discharge[d] Highlands from any and all obligations arising under or related in any way to the Policies." *Id.* at 3. The agreement further rendered "void *ab initio*" Highlands' obligations to Avondale under the policies. *Id.* at 4. Lastly, Avondale agreed to indemnify Highlands for claims brought by third parties asserting coverage under the policies. *Id.* at 4-5.

Avondale and American Motorists similarly agreed to extinguish the policies of insurance in exchange for a lump-sum payment. The agreement states that "the Parties intend to fully and forever extinguish all rights, duties and coverage under the P[olicies] and to render them null and void, as if they had never been issued." (Rec. Doc. 206-18, at 1). Again, in exchange for payment, Avondale "fully, forever, and irrevocably releases and discharges [American Motorists] from any [claim, known or unknown, from the beginning of time until the end of time, arising out of, based upon, or in any manner relating to, or implicating, the terms and conditions of the policies]." *See id.* at 3, 5. The agreement further provides that the policies were thereafter "rescinded for all purposes," "null and void, and are void ab initio, as if they had never been issued." *Id.* at 5. The agreement included indemnity provisions similar to those of the Highlands agreement. *Id.* at 6–7.

This Court previously addressed this type of buy-back claim on Avondale's motion for partial summary judgment in *Vedros v. Northrop Grumman*, No. 11-1198, 2015 WL 3772447 (E.D. La. June 17, 2015). In *Vedros*, the Court examined the same contracts at issue here and concluded that the language of the agreements did not evince an assumption by Avondale of the putative obligations of Highlands and American Motorists with respect to Plaintiffs. *Vedros*, 2015 WL 3772447 at *3. Further, because Plaintiffs did not pursue their claims while Highlands and American Motorists were subject to suit, the indemnity provisions were not implicated. *Id.* (citing *Comardelle v. Pennsylvania Gen. Ins. Co.*, No. 13–6555, 2014 WL 6485642, at *3 (E.D. La. Nov. 18, 2014)).

Plaintiffs have not presented any reason to deviate from an identical ruling in this case. The plain language of the buy-back agreements here demonstrates that the agreements have no effect on the rights of third parties, and an agreement to assume an obligation must be explicit and in writing; thus Plaintiff's claims related to Avondale's assumption of its insurers' obligations under these agreements must be dismissed. Of course, as this Court noted in *Vedros*, this Order has no effect on Plaintiffs' claims against Avondale for its alleged tort liability or its vicarious liability for the alleged tortious acts of its executive officers.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Avondale's *Motion for Partial Summary Judgment on La. C.C. Article 1821-1823 Claims* **(Rec. Doc. 206)** is **GRANTED**.

New Orleans, Louisiana, this 19th day of January, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE