UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TED J. MATHERNE, SR., ET AL. | CIVIL ACTION |
| VERSUS | 22-2656 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | SECTION: "J"(2) |

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment that Roseanna Matherne Had Mesothelioma and that Mesothelioma Caused Roseanna Matherne's Death* **(Rec. Doc. 221)** filed by Plaintiffs Ted J. Matherne, Sr., Ted J. Matherne, Jr., Giselle Matherne Ordoyne, and Vanessa Matherne Richardson. Defendants Huntington Ingalls Incorporated ("Avondale"), Paramount Global ("Westinghouse"), General Electric Company ("GE"), Foster Wheeler LLC ("Foster Wheeler"), and Eagle, Inc have filed memorandums in opposition to this motion. (Rec. Docs. 235, 236, 243). Plaintiffs have filed a consolidated reply to these oppositions. (Rec. Docs. 293). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

The Court has recounted the facts of this case in numerous previous orders and provides the following summary. Roseanna Matherne was diagnosed with mesothelioma on or around December 1, 2021 and died on March 10, 2022 as a result of the disease. Her survivors subsequently filed suit against numerous Defendants

including Avondale, alleging that she contracted mesothelioma from her exposure to asbestos on the clothes of her husband who worked at Avondale Shipyard. The instant motion by Plaintiffs merely seeks summary judgment on these undisputed facts: that Mrs. Matherne had mesothelioma and that mesothelioma caused her death.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving

party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

In the instant motion, Plaintiffs have moved for summary judgment on the question of whether Mrs. Matherne had mesothelioma which caused her death. Plaintiffs cite the opinions of seven different experts including Mrs. Matherne's treating physician, her oncologist, and three different experts selected by Defendants including a pathologist who reviewed Mrs. Matherne's medical records after her death. (Rec. Doc. 221, at 1, 2).  No expert consulted in this case, retained by either Plaintiffs or Defendants, disputes Mrs. Matherne's mesothelioma diagnosis or that it led to her death.

Defendants instead devote their oppositions to disputing claims that Plaintiffs are not making in the instant motion. For example, Avondale argues that "the fiber type, source, and origin of the asbestos" are questions of fact which should be left to the jury. (Rec. Doc. 235, at 1). Avondale requests that "in the event Plaintiffs' Motion is granted, . . . the Order state that, while the Court finds that Mrs. Matherne was diagnosed with mesothelioma, there remains a question of fact as to the type, source, and origin of the asbestos to which Mrs. Matherne was exposed, and which may have caused her illness." *Id.* at 2. Likewise, Westinghouse, GE, and Foster Wheeler request in their opposition that this Court explicitly state in its order that questions of fact remain as to the "source/origin and fiber type of the asbestos." (Rec. Doc. 236, at 2). Eagle, Inc.'s opposition is also entirely off topic, devoting space to arguing that there is a dispute over whether asbestos caused Mrs. Matherne's mesothelioma. (Rec. Doc. 243, at 2).

As Plaintiffs point out in their reply, none of the Defendants actually dispute that Mrs. Matherne died from mesothelioma. Instead, they waste the Court's time and clutter the docket by filing three separate unresponsive oppositions. It is not appropriate for parties to use oppositions to make off-topic points or to request that the Court memorialize these points in its Order. Defendants wish the Court to confirm that certain factual issues remain regarding the causes of Mrs. Matherne's mesothelioma. The Court would remind the parties that facts remain at issue until they are ruled upon or until the parties choose to resolve those issues themselves. Because neither of these things has occurred, it is unnecessary for the Court to state

the obvious and explain that specific causation remains in dispute. Plaintiffs'
motion is one that has been ruled on by this Court and others within the Eastern
District previously. *See Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2022 WL 1135830
(E.D. La. Apr. 18, 2922). *See also Savoie v. Huntington Ingalls, Inc.*, No. 15-1220
(E.D. La. Dec. 20, 2017). For the same reasons as in *Cortez* and *Savoie*, and because
of the lack of opposition from Defendants, the Court finds that summary judgment
should be granted as to the question of whether Roseanna Matherne had
mesothelioma and whether that mesothelioma killed her.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Summary Judgment
that Roseanna Matherne had Mesothelioma and that Mesothelioma Caused Roseanna
Matherne's Death* **(Rec. Doc. 221)** is **GRANTED**.

New Orleans, Louisiana, this 20th day of January, 2024.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE