UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TED J. MATHERNE, SR., ET AL. | CIVIL ACTION |
| VERSUS | 22-2656 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | SECTION: "J"(2) |

## ORDER & REASONS

Before the Court is a *Motion for Partial Summary Judgment on Behalf of Liberty Mutual Insurance Company as Alleged Insurer of Wayne Manufacturing Corporation* **(Rec. Doc. 209)** filed by Third-Party Defendant Liberty Mutual Insurance Company, as alleged insurer of Wayne Manufacturing Corporation ("Wayne"). Plaintiffs filed a memorandum in opposition (Rec. Doc. 271) to which Wayne replied (Rec. Doc. 304). Having considered the motion and legal memoranda, the record, and applicable law, the Court finds that the motion should be **GRANTED**.

Avondale has brought a third-party claim against Wayne, making the dual allegations that Wayne was a professional vendor of asbestos containing products subject to strict liability and that Wayne should also be held strictly liable as a "commercial supplier" of asbestos-containing products. (Rec. Doc. 271, at 12, 15). Plaintiffs have not directly sued Wayne or adopted Avondale's allegations against Wayne. (Rec. Doc. 304, at 1). However, Plaintiffs are the only party to have opposed Wayne's motion for summary judgment. Therefore, Wayne has moved for dismissal

of these claims, arguing that its motion is technically unopposed because Avondale did not file any opposition. *Id.* at 2.

Wayne also argues that these claims should be dismissed for the same reasons upon which multiple other Courts within the Eastern District, including this one, have relied. Wayne points to *Cortez v. Lamorak Ins. Co., et al.*, No. 20-2389, Rec. Doc. 1156, at *11, 12 (E.D. La. Aug. 16, 2022) in which Judge Sarah Vance held that the two necessary elements to establish professional vendor liability do not apply to Wayne. Judge Vance found that Wanye neither operated on the scale necessary to be deemed a professional vendor nor did it hold the asbestos containing products it sold out to the public as its own. *Id.* This Court has already affirmed Judge Vance's reasoning in *Ragusa v. Louisiana Guaranty Insurance Association, et al.*, No. 21-1971, Rec. Doc. 593 (E.D. La. Mar. 23, 2023).

As to the "commercial supplier" claim raised by Avondale, Wayne argues that this term was never meant to create a cognizable theory of recovery and is "an anomaly in Louisiana tort law" which appears only in the Louisiana Supreme Court case *Guidry v. Frank Guidry Oil Co.*, 579 So.2d 947 (La. 1991). Wayne also points to an order by Judge Ivan Lemelle of the Eastern District granting partial summary judgment on this very issue. *Becnel, et al., v. Lamorak Insurance Co., et al.*, No. 19-14536, Rec. Doc. 1044, at *8 (E.D. La. Aug. 16, 2022).

Therefore, here, as in *Cortez*, *Ragusa*, and *Becnel*, there is no genuine issue of material fact as to whether Wayne was a commercial or professional supplier of

asbestos-containing products. Additionally, the Court finds it compelling that Avondale has not opposed Liberty Mutual's motion.

Accordingly, **IT IS HEREBY ORDERED** that the *Motion for Partial Summary Judgment on Behalf of Liberty Mutual Insurance Company as Alleged Insurer of Wayne Manufacturing Corporation* **(Rec. Doc. 209)** filed by Third-Party Defendant Liberty Mutual Insurance Company, as alleged insurer of Wayne Manufacturing Corporation ("Wayne") is **GRANTED**, and Avondale's claims against Wayne on professional vendor and commercial supplier strict liability are **DISMISSED**. New Orleans, Louisiana, this 23rd day of January, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE