UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TED J. MATHERNE, SR., ET AL. | CIVIL ACTION |
| VERSUS | 22-2656 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | SECTION: "J"(2) |

## ORDER & REASONS

Before the Court are three *Motions for Summary Judgment* filed by insurers of Eagle, Inc. **(Rec. Docs. 210, 211, & 220)** These motions were filed by United States Fidelity and Guaranty Company ("USF&G"), Berkshire Hathaway Specialty Insurance Company ("Berkshire"), and First State Insurance Company ("First State"), respectively. (collectively the "Insurer-Defendants"). Plaintiffs have also opposed these motions (Rec. Docs. 261, 262), and USF&G and Berkshire have replied. (Rec. Docs. 300, 301). These motions are all extremely similar and all deal with the Insurer-Defendants' contention that Plaintiffs cannot meet their burden of proof to show that Mrs. Matherne was exposed to Eagle, Inc. asbestos via her husband's clothes during their periods of coverage.

First State adopted USF&G's factual assertions, legal arguments, exhibits, and evidence submitted as a part of its motion (Rec. Doc. 210). Therefore, these motions can be dealt with together. Plaintiffs point to several pieces of evidence they argue show Ted Matherne was exposed to Eagle, Inc. products during the relevant period of coverage. First, Mr. Matherne testified that he saw Eagle boxes of insulation

on every ship he worked on. (Rec. Doc. 262-6, at 148). Plaintiffs also point to the testimony of multiple individuals including Luther Dempster and Burnette L. Bordelon who confirm that asbestos-containing insulation was used at Avondale during the relevant time periods. (Rec. Doc. 262, at 3). Additionally, Plaintiffs point to the testimony of Callen Dempster who stated that Eagle was one of the suppliers of asbestos-containing products aboard LASH vessels from 1963-1994 and Jerry Savoie who worked at Avondale from 1961 to 2006 and testified that he regularly cleaned up Eagle insulation. *Id.* at 4.

However, despite this testimony, Plaintiffs can point to no evidence that directly links Mr. Matherne to the Eagle, Inc. products. Although Eagle boxes may have been aboard the ships upon which Mr. Matherne worked, neither Mr. Matherne nor any other witnesses have testified stating that he worked with or came in contact with any Eagle, Inc. products during his time at Avondale. As to Berkshire's motion for summary judgment, Plaintiffs can identify no additional evidence linking Mr. Matherne to Eagle, Inc. products during the periods of Berkshire's coverage. Plaintiffs point to no additional evidence or testimony in their opposition to Berkshire's motion which differentiates it from USF&G's or First State's. Without additional evidence, Plaintiffs cannot meet their burden of proof as to Eagle, Inc. products.

Additionally, USF&G asserts that this Court should again look to *Cortez v. Lamorak Insurance Company, et al.*, No. 20-2389, Rec. Doc. 1005) (E.D. La. May 3, 2023) for guidance on how to resolve the instant motions. In *Cortez* as in this case,

2

multiple insurers of Eagle, Inc. filed for summary judgment arguing that there was a lack of evidence of exposure to their products. Judge Sarah Vance in *Cortez* held that the plaintiff had not submitted sufficient evidence that he was exposed to Eagle, Inc. products and granted summary judgment. Just as in this case, the plaintiff in *Cortez* testified that he had seen Eagle-labeled boxes in a warehouse in which he worked. However, neither Mr. Cortez nor Mr. Matherne could say that "he opened these boxes or was present when they were opened or handled." *Cortez*, No. 20-2389, Rec. Doc. 1005, at *23).

Accordingly, **IT IS HEREBY ORDERED** that the Insurer-Defendants' *Motions for Summary Judgment* **(Rec. Docs. 210, 211, & 220)** are **GRANTED**.

New Orleans, Louisiana, this 25th day of January, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE