UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TED J. MATHERNE, SR., ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-2656 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | * | SECTION "J" (2) |

**ORDER AND REASONS**

Before me is Defendant Huntington Ingalls Incorporated's (f/k/a Northrop Grumman Shipbuilding Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc.) ("Avondale") Motion to Quash Trial Subpoenas issued to it by Plaintiffs and Defendants General Electric Company, Foster Wheeler, LLC and Paramount Global. ECF No. 340.  The motion was scheduled for submission on Wednesday, February 21, 2024. Plaintiffs timely filed an Opposition Memorandum to which Avondale filed a Reply Memorandum.  ECF Nos. 344, 432.  As of this date, Defendants General Electric Company, Foster Wheeler, LLC and Paramount Global have failed to file an Opposition Memorandum, and the deadline for same expired on Tuesday, February 13, 2024.  *See* E.D. La. L.R. 7.5.

No party has requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.  Having considered the record, the written submissions of counsel, the applicable law, and finding that the motion has merit, the Motion is GRANTED and the subpoenas at issue are hereby QUASHED for the reasons stated herein.

**I.     BACKGROUND**

Plaintiff Ted Matherne, Sr. worked at Avondale shipyards from 1965 through 1983.  ECF No. 1-2 ¶ 4.  Plaintiffs Ted J. Matherne, Sr., Ted J. Matherne, Jr., Giselle Matherne Ordoyne and Vanessa Matherne Richardson filed suit in Civil District Court on July 6, 2022 alleging that their

1

spouse/mother Roseanna Matherne died as a result of mesothelioma contracted through exposure to asbestos brought home by Plaintiff Ted Matherne, Sr.'s exposure to same while employed at Avondale. *Id.* ¶¶ 10-13.

Plaintiffs and Defendants General Electric Company, Foster Wheeler, LLC and Paramount Global served Defendant Avondale with Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action on January 26 and 29, 2024. ECF Nos. 340-3 & 340-4. Each subpoena is directed to the entity itself rather than an individual and requires the production of certain documents. *Id.*

Avondale now moves to quash the trial subpoenas directed to it as a corporate entity as improper. Defendants General Electric Company, Foster Wheeler, LLC and Paramount Global filed an Opposition Memorandum. Plaintiffs oppose the motion and seek to distinguish the cases cited by Avondale on the basis that the subpoenas to a corporate entity did not include Rule 30(b)(6) categories. ECF No. 344 at 3-5. Plaintiffs' efforts to distinguish the cited cases, including this Court's decision on the identical issue in "Giarratano v. Huntington Ingalls Incorporated," No. 22-88 (E.D. La. Apr. 11, 2023) (ECF No. 557), in unavailing.

Rule 45 simply does not contemplate issuance of a trial subpoena to a corporate entity. Plaintiffs may subpoena Avondale's records custodian identified during discovery to authenticate needed documents. Plaintiffs may not, however, improperly use Rule 30(b)(6) for trial purposes.

II. **APPLICABLE LAW AND ANALYSIS**

Rule 45(c) provides that a "subpoena may command a person to attend a trial, hearing or deposition. . . within 100 miles of where the person resides, is employed, or regularly transacts business in person" or "within the state where the person resides, is employed, or regularly transacts business in person, if the person is (i) a party or a party's officer; or (ii) is commanded to

attend a trial and would not incur substantial expense."  Accordingly, "the court for the district where compliance is required must quash or modify a subpoena that . . . "(ii) requires a person to comply beyond the geographical limits specified in Rule (45)(c)." FED. R. CIV. P. 45(d)(3)(A). Rule 45(c) geographical limits apply to parties and their officers, directors, and managing agents.[1]

If a subpoena requires a person's attendance, FED. R. CIV. P. Rule 45(b)(1) and E.D. La. L.R. 45.1 direct the issuer to tender fees for one day's attendance and the mileage allowed by law.

There is no rule requiring that a corporate designee testify "vicariously" at trial.  *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 426, 434 (5th Cir. 2006).  While Rule 30(b)(6) specifically contemplates that a party may serve a subpoena on a corporation who must then designate a representative to testify, the rule applies only to discovery depositions, not trial testimony.[2]  For this reason, Rule 30(b)(6) "may not be used in conjunction with Rule 45 to serve a subpoena on a corporation for purposes of securing trial testimony without naming a particular individual," and Rule 45 does not contemplate service of a trial subpoena on a corporate entity.[3]

### III.  CONCLUSION

The Rule 45 trial subpoenas are improperly directed to Avondale as corporate entity rather than to any specific representative.  Accordingly,

---

[1] *Johnson v. Big Lots Stores, Inc.,* 251 F.R.D. 213, 215-216 (E.D. La. 2008) (Vance, J.) (discussing applicability of Rule 45(c)(3)(A)(ii) to parties and party officers in places outside the territorial limits defined in Rule 45(b)(2) and holding that a party or its officer cannot be compelled to attend trial in any judicial district).
[2] *United Tort Claimants v. Quorum Health Res., LLC*, 2014 WL 184984, at *10 & n.18 (Bankr. D.N.M. Jan. 15, 2014).
[3] *Id*. (citing *Hill v. Nat'l R.R. Passenger Corp*., No. 88-5277, 1989 WL 87621, at *1 (E.D. La. July 28, 1989) ("rule 30(b)(6) specifically applies to the deposition of a corporation.  Rule 45. . . provides the proper procedure by which a person may be compelled to testify at trial.  There is no provision allowing the use of the 30(b)(6)-type designation of areas of inquiry or allowing service on a corporation through an agent for service of process in order to compel a particular person, who may be a corporate employee outside the subpoena power of the court, to testify at trial*.")); see also Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 694 (S.D. Fla. 2014) (noting that the use of Rule 30(b)(6) notices for defendants' corporate representatives, which notices include discovery requests for production at trial, is improper and there is no provision allowing for the use of such notice under Rule 45 as against another party or without specifically designating a named person within the jurisdiction to testify).

IT IS ORDERED that the Motion to Quash (ECF No. 340) is GRANTED and the subpoenas issued to Avondale are hereby QUASHED.

New Orleans, Louisiana, this 21st day of February, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE