UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TED J. MATHERNE, SR., ET AL. | CIVIL ACTION |
| VERSUS | 22-2656 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | SECTION: "J"(2) |

### ORDER & REASONS

Before the Court is a *Motion for Partial Summary Judgment Regarding Fire Retardant Decorative Micarta* filed Defendant Paramount Global, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse"). **(Rec. Doc. 217).** This motion was opposed by Huntington Ingalls Incorporated ("Avondale") (Rec. Doc. 268), Plaintiffs (Rec. Doc. 270), and Hopeman Brothers, Inc. ("Hopeman") (Rec. Doc. 277). The Court held oral argument on this motion and several others on January 25, 2024. At the hearing, Westinghouse withdrew this motion, in part, as to its arguments that Westinghouse's Micarta was not a substantial factor in causing Mrs. Matherne's mesothelioma. Therefore, all that remains of this motion is Westinghouse's argument that Hopeman was a sophisticated user and purchaser of Micarta, thereby discharging Westinghouse's duty to warn.

Manufacturers have a duty under Louisiana law to provide warnings of the dangers inherent in their products, but that duty does not extend to sophisticated

users or purchasers. *See Davis v. Avondale Indus., Inc.*, 975 F.2d 169, 172 (5th Cir. 1992). Sophisticated users are defined as those who are "familiar with the product," *Hines v. Remington Arms Co., Inc.*, 648 So.2d 331, 337 (La. 1994), or "[possess] more than a general knowledge of the product and how it is used." *Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 955 (La. App. 4th Cir. 1998). "As a result of their familiarity with a product, sophisticated users are presumed to know the dangers presented by the product; hence, there is no duty to warn them." *Roux v. Toyota Material Handling, U.S.A., Inc.*, 283 So.3d 1068 (La. App. 5th Cir. 2019) (citing *Hines*, 648 So.2d 331).

Hopeman used Westinghouse Micarta as a component part of the composite wall and bulkhead panels it suppled to Avondale for use aboard ships. Westinghouse argues that Hopeman was a sophisticated user of Micarta because "by the time Ted J. Matherne, Sr. started working at Avondale, there can be no dispute that Hopeman had knowledge of the risks associated with cutting asbestos-containing wall panels." (Rec. Doc. 217, at 16). In support of this assertion, Westinghouse points to memoranda issued by former Hopeman executive, Bertram Hopeman, who directed company employees to research methods that would create less dust in cutting the wallboards at issue, (Rec. Doc. 217-10, at 2), and the later mandated that employees take precautionary steps to "limit the dust at breathing height to an amount that you can hardly see." (Rec. Doc. 217-11, at 2). Westinghouse argues that these documents show that Hopeman was fully aware of the dangers associated with the asbestos containing wallboards and should therefore be considered a sophisticated user.

Westinghouse also points to an order by Judge Sarah Vance on this same issue in *Cortez v. Lamorak Insurance Company*, 614 F.Supp.3d 462, 472 (E.D. La. July 13, 2022). Judge Vance, relying on the same memoranda cited by Westinghouse in this case, found that Hopeman was actually aware of the risks associated with asbestos dust from its wallboards and therefore that dismissal of the failure to warn claims against Westinghouse were proper because "Westinghouse has pointed to uncontroverted summary judgment evidence that shows Hopeman possessed much more than a general knowledge of [Micarta] and how it is used." *Id.* at 471-72.

In its opposition, Hopeman argues that although they had "some rudimentary level of knowledge and awareness of a potential risk associated with asbestos, [Westinghouse has] not shown that Hopeman was aware of the totality of the risk associated with asbestos as Westinghouse did." (Rec. Doc. 277, at 5). Addressing the memoranda cited by Westinghouse, Hopeman paints Bert Hopeman as a 23-year-old trainee working for his family's company who "heard that the dust associated with the cutting of wallboard could pose a risk." *Id.* at 6. Hopeman argues that when they contacted Johns-Manville, another manufacturer of a wallboard component, the Johns-Manville representative dismissed these concerns as a rumor and downplayed the seriousness of the risk. (Rec. Doc. 277-5, at 4-5). Hopeman argues that Westinghouse had far more knowledge about the dangers associated with its product and therefore should not be protected by the sophisticated purchaser doctrine.

In their opposition, Plaintiffs also assert that this Court should reject the sophisticated purchaser doctrine, arguing that it is an inappropriate subject for summary judgment because it is fundamentally a state of mind question. (*See International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir. 1991) ("we have emphasized repeatedly that cases which turn on the moving party's state of mind are not well suited for summary judgment"). Plaintiffs also argue that regardless of any duty Westinghouse had to warn Hopeman, their duty also extends to Ted Matherne as an end-user who certainly received no such warning. (Rec. Doc. 270, at 19-20). Plaintiffs argue that not only does Westinghouse have a duty to warn, but that the warning must be one that is calculated to reach the user. *Borel v. Fibreboard Paper Products Corporation*, 493 F.2d 1076 (5th Cir. 1974). In *Borel*, the Fifth Circuit, considering an early asbestos case, stated unequivocally that the "duty to warn extends to all users and consumers, including the common worker in the shop or in the field." *Id.* at 1103. It is uncontroverted that no such end warning reached Ted Matherne and workers like him.

Although Hopeman seems to have had some level of awareness of the general risks of breathing asbestos dust, the memo issued by a 23-year-old trainee is not enough alone to warrant granting summary judgment. There are genuine issues of material fact as to whether Hopeman had actual or constructive knowledge of the dangers associated with asbestos. Furthermore, because this type of state of mind question is one often reserved for the jury, the Court finds that it would be inappropriate to dismiss this claim on summary judgment.

Accordingly, **IT IS HEREBY ORDERED** that the Westinghouse's *Motion for Summary Judgment* **(Rec. Docs. 217)** is **DENIED**.

New Orleans, Louisiana, this 22nd day of February, 2024.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE